UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MARIN GONZALEZ, | No. 2:15-cv-1643 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| ALVIN R. WEBBER, | |
| Defendant. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING STANDARD

The federal in forma pauperis statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Critically, the complaint must contain a "short and plain statement" of the basis for federal jurisdiction, and such a statement showing that plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a)(1), 8(a)(2).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d) (1) ("[e]ach allegation must be simple, concise and direct").

## II.  THE COMPLAINT

The complaint is extremely difficult to understand, as it does not contain a "short and plain" statement of the basis of this court's jurisdiction, nor a "short and plain" statement of plaintiff's claim showing that he is entitled to the $2,000,000 he seeks.  The court is aware of

plaintiff's statement that he has difficulty expressing himself in English.  See Complaint (ECF No. 1) at 8 ("I explained the best I can because my first language is Spanish my English is bad but I have to defendant my self").  However, reading the complaint as liberally as possible, the court is unable to determine what claim plaintiff is making, or why the case is filed in this federal district court.

As best the court can tell, plaintiff alleges that defendant is a judge on the California Worker's Compensation Board ("WCAB") in Stockton, California.  See Complaint at 1.  The complaint further alleges that defendant wrongly denied his worker's compensation claim, did so in bad faith, and did so by lying, using fraud, ignoring plaintiff's submissions, hiding plaintiff's injuries, failing to report the crimes and lies of others, and committing major felonies.  These things were done in violation of various provisions of California statutes and regulations.

## III.  ANALYSIS

This court is a federal district court, and therefore exercises only limited jurisdiction.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) ("[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto").  Therefore, a complaint filed in federal court must plainly allege the basis for this court's exercise of jurisdiction.  See Fed. R. Civ. P. 8(a)(1); Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

The complaint here does not allege any basis for federal jurisdiction, and the court is unable to discern any such basis from the allegations.  In addition, the complaint does not allege any discernible claim upon which relief can be granted.

The court will therefore dismiss the complaint with leave to amend.  Plaintiff is advised that if he chooses to amend the complaint, he must set forth the basis for the court's jurisdiction.  He must also make a short and plain statement setting forth why he is entitled to the relief he seeks, and what federal statute or other legal authority authorizes that relief.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;

2. Plaintiff's complaint is DISMISSED with leave to amend;

3. Within 30 days from the date of this order, plaintiff shall amend his complaint, or he shall notify the court that he declines to amend it. If plaintiff fails to respond to this order, the undersigned will recommend that this action be dismissed with prejudice.

DATED: September 16, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE